IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN JUSTICE #00544612 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv016 |
| MARGARET M. PRICE, et al. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Allegations**

Plaintiff alleges several Eighth Amendment violations against Defendants Spencer Lucas, Zulema Calderon, and Adialicny Tornam. By separate order, the Court is requiring service and responses from those Defendants.

Plaintiff also sues Michael Unit Warden Lonnie Townsend. He alleges that in October of 2021 he was housed in a cell that was known to be unsafe because the door was defective and would not unlock or open in the usual manner. (Dkt. #9 at 6.) He says that the cell should have been "red tag" by policy. (*Id.*) Plaintiff asserts that he has medical problems and that he could have had a heart attack and died in the cell before staff was able to open the door. (*Id.*) Plaintiff also alleges that on October 15, 2021, he was moved to administrative segregation in nothing but a pair of boxer shorts. (*Id.*) All Plaintiff's other clothing and property were taken from him (and he includes a list of property that was ultimately stolen, lost, or damaged), and he was not provided

with a mattress or any bedding. (*Id.*) He alleges that he was also denied water and "three wholesome meals a day," as required by "state and federal law." (*Id.* at 6–7.) Plaintiff says he was denied food, water, and medications from October 15 until October 29, 2021. (*Id.* at 7.) Finally, Plaintiff alleges that an emergency grievance about his conditions, submitted on his behalf by fellow inmates because he lacked the pen and paper to draft one, was rejected. (*Id.*)

Plaintiff also sues Michael Unit property officer Lisa Garrett and Monique Radic over several items of lost and confiscated property and complains about the handling of his grievances about his property. (Dkt. #9 at 11–13.) He seeks damages of $5 million. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Those statutes provide for *sua sponte* dismissal of a prisoner's complaint, or any part of it, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially

noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As mentioned above, the Court is requiring Defendants Lucas, Calderon, and Tornam to respond to Plaintiff's claims against them. The claims against Defendants Townsend, Garrett, and Radic, however, require separate consideration.

Plaintiff sues Defendant Townsend in connection with a host of perceived violations, but he does not allege a single fact connecting Townsend with those violations. It appears that Plaintiff sues Townsend simply because he believes Townsend to be responsible for the general function of the prison by virtue of his position as warden. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff here does not allege that Townsend played any personal role in Plaintiff's housing or other alleged mistreatment or that Townsend created or implemented any specific policy that caused it. To the contrary, Plaintiff expressly alleges that policy was not followed in connection with several of his claims. To the extent the pleading can be construed to allege that Townsend should personally have taken some action in response to Plaintiff's grievance, "a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 489 (N.D. Tex. 2019). Even if Warden Townsend received or was aware of any letters or grievances submitted by Plaintiff, that would not make him

personally liable for any underlying violations. *See Emmons v. Painter*, No. MO:20-CV-00185-DC, 2021 WL 2832977, at *10 (W.D. Tex. May 23, 2021) ("[A]llegations that Defendants' denial of grievances evidenced both their personal involvement and a policy of deliberate indifference do not withstand pretrial screening."); *Selders v. LeBlanc*, No. CV 19-13075, 2020 WL 5097599, at *3 (E.D. La. July 1, 2020), *report and recommendation adopted*, No. CV 19-13075, 2020 WL 5095328 (E.D. La. Aug. 28, 2020) (dismissing claims against defendant who "is in charge of the jail and responded to two of [plaintiff's] grievance complaints" because "having a role in the grievance process does not create personal liability much less supervisory liability"). Plaintiff thus does not allege facts that would satisfy the personal involvement standard for Defendant Townsend and fails to state a claim against him.

Nor does Plaintiff state a claim against anyone with his suggestion that his grievances were thwarted or mishandled. Like all prisoners, Plaintiff has no due process right to an effective prison grievance system, and "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) ("Schwarzer cannot demonstrate that prisoners have a constitutional right to a grievance system.").

Finally, Plaintiff does not state a claim for violation of his constitutional rights in connection with the alleged loss or damage to his property. The deprivation of property by state employees—whether negligent or intentional—does not violate the constitution if the state provides "a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas common law allows recovery of monetary damages for loss of property that has been taken without authorization. *See*, *e.g.*, *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("In Texas, as in many other states, the tort of conversion fulfills this requirement."); *Cathey v. Guenther*, 47 F.3d 162,

5

164 (5th Cir. 1995). Texas statutory law also provides that inmates may recover up to $500 for lost or damaged property. *See* TEX. GOV'T CODE §§ 501.007, 501.008; TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing a two-year statute of limitations for certain causes of action). Because Texas provides an adequate post-deprivation remedy, the loss of Plaintiff's personal items does not state a claim for any constitutional violation. *See Hudson*, 468 U.S. at 536. And because Plaintiff's only allegations against Garrett and Radic involve property and grievances, he has failed to state any federal claim against them.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendants Townsend, Garrett, or Radic. Dismissal is appropriate where Plaintiff has already been given a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that all claims against Defendants Townsend, Garrett, and Radic be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    **So ORDERED and SIGNED this 6th day of November, 2023.**

                                         JOHN D. LOVE
                                  UNITED STATES MAGISTRATE JUDGE