UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00016

**Michael Lynn Justice,**
*Plaintiff,*

v.

**Margaret M. Price et al.,**
*Defendants.*

# ORDER

Plaintiff Michael Lynn Justice, an inmate proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights in prison. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 3.

On November 6, 2023, the magistrate judge issued a report recommending that plaintiff's claims against three defendants—Townsend, Garrett, and Radic—be dismissed for failure to state a claim upon which relief can be granted. Doc. 41. A copy of the report was sent to plaintiff, who has filed written objections. Doc. 44.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal of plaintiff's claims against Warden Townsend for failure to allege his personal involvement in the alleged violations. Doc. 41 at 4–5. Plaintiff objects that it is the warden's "responsibility . . . [to] emphasize a safe environment." Doc. 44 at 1. This assertion appears to confirm that plaintiff identified Warden Townsend solely because of his position of responsibility. For the reasons explained by the magistrate judge, that is not sufficient to state a claim against Warden Townsend under Section 1983. *See* Doc. 41 at 4–5.

The magistrate judge recommended dismissal of all claims against defendants Garrett and Radic because prisoners do not have

a constitutional right to an effective grievance system, and the deprivation of property by state employees is not grounds for a Section 1983 claim when the state provides an adequate post-deprivation remedy. *Id.* at 5–6. Plaintiff objects at length that he "want[s] all property back" and insists that he has evidence and receipts to prove his property-loss claim. Doc. 44 at 2–3. But the magistrate judge has correctly explained that these claims fail as a matter of law, regardless of whether plaintiff could prove them. *See* Doc. 41 at 5–6.

Finally, plaintiff objects to the observation that he has voluntarily dismissed his claim against Margaret Price. Doc. 40 at 1; Doc. 44 at 3. His amended complaint is the operative pleading in this case, having entirely superseded and taken the place of his original complaint. *See Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986). The amended complaint does not list Ms. Price as a defendant or include any claims against her. Dismissal of any individual against whom the amended complaint asserts no claim was appropriate.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Plaintiff's claims against defendants Townsend, Garrett, and Radic, as well as any previous party not named as a defendant in the amended complaint (Doc. 9 at 3), are dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim for which relief can be granted.

*So ordered by the court on December 4, 2023.*

J. Campbell Barker
United States District Judge