UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00016

**Michael Lynn Justice,**
*Plaintiff,*

v.

**Margaret M. Price et al.,**
*Defendants.*

# ORDER

Plaintiff Michael Lynn Justice, a prisoner proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b).

Defendants Spencer Lucas and Tornam Adjabeng[1] moved to dismiss (Doc. 48), joined by Zulema Calderon, who was not named as a defendant but was included in plaintiff's allegations against Lucas. Doc. 9 at 9. On May 13, 2024, the magistrate judge issued a report recommending that defendants' motion be granted in part and that the court should dismiss plaintiff's claims against Calderon, all First Amendment claims, and all claims against defendants in their official capacities. Doc. 51. The magistrate judge recommended that defendants' motion be denied with respect to plaintiff's Eighth Amendment claims against Lucas and Adjabeng. *Id.* Defendants filed written objections. Doc. 52.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended denying the motion to dismiss with regard to plaintiff's allegation that defendant Adjabeng attacked him with chemical agents to his

---

[1] Based on the description in plaintiff's amended complaint, the defendant listed as "Adjalicny Tornam" has been identified as Tornam Adjabeng.

face and eyes and pushed him down a flight of stairs, and his allegation that defendant Lucas ordered that he not be provided with food or water for two weeks. Doc. 51 at 14–16. The magistrate judge also recommended that the court deny defendant Lucas's claim of qualified immunity.[2] *Id.* at 16–18.

Defendants object only to the portion of the report recommending denial of qualified immunity. Doc. 52. Defendants argue that the magistrate judge "refrained from fully analyzing defendants' qualified immunity argument" and "improperly placed the burden of establishing entitlement to qualified immunity on Defendants." *Id.* at 2. In their objections, defendants evidently forgot that they had already conceded that plaintiff's claims against Adjabeng were not barred by qualified immunity. Doc. 48 at 2. The court therefore interprets the objection as applying only to the denial of Lucas's assertion of qualified immunity.

The objection is without merit. Defendant Lucas's claim of qualified immunity comprised two paragraphs of the motion to dismiss. Doc. 48 at 7. First, he recited one paragraph of boilerplate law regarding qualified immunity. *Id.* He then asserted:

> As explained above, Plaintiff fails to allege any viable constitutional claim against Lucas. There is therefore no need to analyze the second prong of qualified immunity, because the lack of violation alone entitles Lucas to qualified immunity. However, even assuming *arguendo* that some right was violated, Lucas is still entitled to qualified immunity because his actions were reasonable in light of clearly-established law.

*Id.* Having found that Lucas's alleged order that staff deny food and water to the plaintiff for two weeks would establish a constitutional violation,[3] the magistrate judge explained that "there is no need for

---

[2] Defendant Adjabeng did not assert qualified immunity. *See* Doc. 48 at 2.

[3] Defendants acknowledged in their motion that plaintiff's food-deprivation claim "likely satisfies the Eighth Amendment's objective component," arguing only that defendant Lucas was not personally involved in the deprivation because he worked in another building. Doc. 48 at 6. As the magistrate judge points out, however, the plaintiff expressly alleges that the deprivation was ordered by defendant Lucas. Doc. 51 at 2, 12.

the Court to analyze the second prong when Defendants have failed to fairly raise it." Doc. 51 at 17–18.

Defendants argue that the mere assertion of qualified immunity, without any citation or discussion of its application to this case, is enough to shift the burden to the plaintiff. But, as this court has previously found, denial of qualified immunity is appropriate where the court finds a constitutional violation and defendant's "assertion of qualified immunity is conclusory," devoid of "any analysis as to the elements of qualified immunity and how they specifically apply to Plaintiff's claims against them." *McNeely v. Woods*, No. 1:19-CV-43, 2020 WL 13751583, at *7 (E.D. Tex. Mar. 23, 2020). One need not review case law to establish that depriving a prisoner of food and water for 14 days violates the Eight Amendment's protections against cruel and unusual punishments. Such an extended deprivation would result in a prolonged and painful death.

But this observation raises a different problem with plaintiff's claim against Lucas: The allegation that he was denied food or water for 14 days is implausible on its face. Doc. 9 at 4, 7. Any interpretation that makes this allegation plausible renders it impermissibly vague. In determining whether a deprivation of food falls below the minimum constitutional threshold, the court looks to the "amount and duration of the deprivation." *Ybarra v. Meador*, 427 F. App'x 325 (5th Cir. 2011) (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)). But plaintiff fails to allege any plausible facts that would allow the court to make that determination. Nor does plaintiff allege any harms that would allow the court to determine the severity of the deprivation. The magistrate judge relied on "the common-sense inference that physical harm would result from being deprived food, water and prescribed medications for weeks." Doc. 51 at 15. But the physical harm that would result from being deprived food or water for two weeks is death. Plaintiff's allegation against Lucas therefore fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim . . . [is] a context-specific task, that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, the magistrate judge's report and recommendation is overruled as to defendant Lucas, and accepted in all other respects. Defendants' motion to dismiss is granted on all claims except plaintiff's Eighth Amendment claim against defendant Adjabeng. The claims against Calderon and Lucas are dismissed without prejudice.

*So ordered by the court on July 15, 2024.*

J. CAMPBELL BARKER
United States District Judge