UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00016

**Michael Lynn Justice,**
*Plaintiff,*

v.

**Margaret M. Price et al.,**
*Defendants.*

# ORDER

Plaintiff Michael Lynn Justice, a prisoner of the Texas Department of Criminal Justice proceeding pro se and in forma pauperis, filed this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to a magistrate judge.

After claims against all other defendants were dismissed for failure to state a claim (Docs. 45, 54), defendant Tornam Adjabeng moved for summary judgment. Doc. 64. The magistrate judge issued a report recommending that the motion for summary judgment be granted and that this case be dismissed in its entirety. Doc. 72 at 14–15. Because video evidence established that plaintiff's factual allegations against defendant were false and deliberately misleading, the magistrate judge further recommended that the claims against defendant be dismissed with prejudice as frivolous and malicious. *Id.* at 13–15.

The first copy of the report that was mailed to plaintiff was returned to the court as undeliverable. Doc. 73. A second copy, sent via overnight mail on August 5, 2025, was also returned and was marked "Offender Refused." Doc. 74. The court notes that plaintiff previously refused to view the video evidence in this case when given two opportunities to do so and failed to respond to defendant's motion for summary judgment despite the court's sua sponte extension of time for plaintiff to respond. Docs. 70, 71.

A party's refusal to accept the court's mail does not avoid consideration of a report recommending disposition of a case. *See*

*Rodriguez v. Perez*, No. 1:09-cv-00255, 2011 WL 147713, at *1 (S.D. Tex. Jan. 18, 2011) (adopting the report and recommendation where pro se plaintiff refused to accept mail delivery of the report); *Hall v. ADVO, Inc.*, No. 3:04-cv-02644, 2007 WL 210357, at *2 (N.D. Tex. Jan. 26, 2007) ("One has a choice to accept or reject receipt of certified mail; however, if one refuses or fails to accept the certified mail, he must face the legal consequences of such refusal or failure.").

To date, plaintiff has not filed any objections to the report. When no party objects to a report and recommendation, the court reviews the report for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)(c) (extending the time to file objections from ten to fourteen days). Having reviewed the report, and being satisfied that it contains no clear error, the court accepts its findings and recommendations. Defendant Adjabeng's motion for summary judgment on all remaining claims (Doc. 64) is granted. Further, for the reasons explained by the magistrate judge, the claims against Defendant Adjabeng are dismissed with prejudice as frivolous and malicious. 28 U.S.C. § 1915(e)(2).

*So ordered by the court on September 3, 2025.*

J. CAMPBELL BARKER
United States District Judge